CASE 20.—ACTION BY W. T. BELL AGAINST THE LOUISVILLE & NASHVILLE R. R. CO. FOR INJURY BY FIRES.—May 29, 1909.

# L. & N. R. R. Co. v. Bell

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Discovery—Time and Place—Disclosure.—Where a motion to compel plaintiff to disclose the dates on which the fires causing the damages sued for occurred was denied, on plaintiff's counsel pleading that plaintiff was ignorant of the exact dates, it was counsel's duty on subsequently discovering the dates to disclose them to defendant without a further application therefor.

2. Continuance—Surprise.—Plaintiff sued defendant railroad company for damages caused by five fires, each alleged to have occured on the ———— day in spring of specified years. The petition alleged negligence in failing to keep the right of way free from combustible materials, and also in the use of defective spark arresters. A motion to compel plaintiff to specify the dates of the fires was denied on a plea of ignorance, but on the trial plaintiff testified that the fire occurring in 1902 was on April 25th; that in 1906 on May 12th. He also stated approximately the dates of the other fires. Defendant then applied for a continuance, but the court, on plaintiff's election to rely only on defendant's negligence in failing to keep its right of way clear of com-

L. & N. R. R. Co. v. Bell.

bustible materials, denied the application. Held, that defendant was entitled to a continuance.

CHARLES H. MOORMAN, BROWDER & BROWDER and BENJAMIN D. WARFIELD for appellant.

POINTS DISCUSSED AND AUTHORITIES CITED.

1. The petition sought to recover damages to plaintiff's timber occasioned by fires alleged to have been set by defendant's locomotives on the ———— day of the Spring of the years 1902 to 1906 inclusive. When the defendant ruled plaintiff to fill the blanks and show the dates of the several fires complained of, plaintiff answered that he was not able to furnish the dates. Even as late as the day before he testified he filed an amended petition in which he repeated his allegation of the dates in blank. Nevertheless, on the trial of the case he testified very glibly to the dates of the fires. Thereupon the defendant moved the court to discharge the jury, and continue the case, for the reason that the plaintiff having failed and refused to fix the dates of the fires, defendant had not been able to investigate the facts. The plaintiff thereupon announced that he would not claim that the defendant was liable on account of any defect in its spark arresters, or on account of any improper handling of its engine, but would only rely upon the condition of its right of way. The court then overruled its motion for a continuance. We think this was clearly prejudicial error. Defendant was as much entitled to have the dates fixed in order that it might investigate as to whether or not its right of way was reasonably free from combustible materials on the dates the fires were claimed by plaintiff to have been set, as it was entitled to have time to investigate as to the condition of its spark arresters, and as to the manner its engines were operated. Abbott's Trial Brief, sec. 11, p. 11; Sec. 21, p. 25; Childs v. Heaton, 11 Iowa 271; K. C. R. Co. v. Carey, 5 R. 512; Langdon-Creasy Co v. Rouse, 24 R. 2095, 72 S. W. 1113; Gonring v. R. Co., 47 S. W. 18; Chandler's Adm'r v. Bush, 22 R. 993; Kehoe v. Com., 28 R. 35; L. & N. R. Co. v. Harned, 23 R. 1651; Owensboro City R. Co. v. Allen, decided March 10, 1908.

2. Defendant was entitled to a continuance because of surprise in that plaintiff testified to the dates of the fires although he had responded to defendant's rule against him to fix the dates, that he was unable to do so. L. & N. R. Co. v. Bickel, 17 R. 107.

3. The instructions given the jury over defendant's objection, were erroneous (Sec. 790 Ky. Stats.). Jolley v. Hardeman, 36

S. E. 952; Williams v. Southern Ry., 26 S. E. 32; Beazley v. Linehan Transfer Co., 50 S. W. 87; Trustees v. City of Flemingsburg, 17 R. 445.

4. The court should have given instruction B. asked by defendant.

5. The damages are excessive in view of the guessing and unsatisfactory testimony as to the amount of damage sustained by plaintiff, and on account of the fires.

ROBERT HARDING, Jr., for appellee.

### REVIEW.

1. Appellant was not taken by surprise and prevented from investigating the fires by reason of appellee's failure to give the exact dates before he went upon the witness stand, because its depot agent, who gave his deposition two weeks before the trial stated that he was on the ground at the time of the fire and that the section foreman and crew were there at the time of the fire. This gave counsel for appellant ample time and opportunity to investigate the fire had they not known the dates before. But the record in the case of Howk against the L. &. N. R. R. Co., shows that counsel for appellant did in fact, know the date long before its said agent gave his deposition. Appellant's section foreman, O'Bryan testified upon the witness stand that he and his crew were present at the 1906 fire.

2. There was no error in the instructions.

3. The verdict is amply sustained by the evidence. In conclusion we submit that upon the trial appellants' rights were carefully guarded by the trial court, and it has no ground on which to complain of the result.

We ask an affirmance of the judgment.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

Appellee, W. T. Bell, instituted this action against appellant, Louisville & Nashville Railroad Company, to recover damages for injuries to his lands lying adjacent to the railroad, alleged to have been caused by fires occurring on appellant's right of way. The jury returned a verdict in appellee's favor for $750. From the judgment based thereon this appeal is prosecuted.

The petition states that the fires were caused by appellant's permitting dead leaves, grass, and other combustible and inflammable material to accumulate and be on its right of way at the time of each of the fires, and by the negligent manner in which appellant's agents and servants operated its trains. The petition asked damages for five fires. It charged that the first fire occurred upon the —— day in the spring of 1902; that the second fire occurred upon the —— day in the spring of 1903; that the third fire occurred upon the —— day in the spring of 1904; that the fourth fire occurred upon the —— day in the spring of 1905; and that the fifth fire occurred upon the —— day in the spring of 1906. At the May, 1907, term of the court, appellant asked for a rule requiring appellee to fill the blanks in his petition, and give the exact date of each fire. When the case was submitted on said motion, appellee was not in town, and his attorney, in response to the motion, stated that appellee was unable to give the exact dates of the fires. Thereupon the court overruled the motion. The case was tried at the September, 1907, term of the court. At this term appellee filed an amended petition, without specifying the dates when the fires occurred. Upon the trial of the case appellee, after testifying as to the condition of the track, stated that the date of the fire occurring in 1902 was April 25th, and that the date of the fire occurring in 1906 was May 12th. He also stated, approximately, the dates of the other fires. Thereupon appellant moved the court to continue the case, for the reason that appellee had failed to specify the dates of the fires, and had claimed, when ruled to do so, to be unable to fill the blanks of his petition so as to show the exact dates of the fires. The trial court, in discussing whether or not a continuance

should be granted to appellant, stated that appellee should not be cut out of his right to sue because he could not give the dates, but that, when he was called upon to give the dates, it was his duty to do so, if he had it within his knowledge; that it was not the duty of the appellant to move for it more than once; that if the attorney said he could not give the date, and he afterwards found it out, it was his duty then to disclose it. Appellee's attorney then abandoned any right of recovery because of defective spark arresters and the negligent operation of the trains, and based its cause of action entirely upon appellant's negligence in permitting combustible material to accumulate and remain along its right of way. And in view of this fact the trial court held that the dates of the fires were not essential, and refused to continue the case. Appellant claims that the court erred in so ruling, and this is the chief ground relied upon for reversal.

It is insisted by counsel for appellee that the action of the court was not prejudicial, for the reason that appellant's attorneys had it within their power, by reasonable diligence, to ascertain the dates the fires occurred; that one of their witnesses, who had formerly been a station agent at the town near which the fires occurred, stated that he was present at the fire of 1902, and that one of appellant's foremen stated that he was present at the fire of 1906. It does not appear, however, from the testimony of either one of these witnesses that either stated the exact date when the fire which he witnessed occurred. Furthermore, counsel for appellant stated in the presence of the court, when the question of continuance was up for discussion, that he did not know the dates of the fires prior to the time that appellee

gave them while on the stand. We are unable to see why it was not as necessary for appellant to know the dates of the fires, where the negligence charged was the foul condition of the right of way, as it was if the negligence alleged were defective spark arresters or the manner of operating the trains. Appellant had the right to prepare its defense in the way it thought best. If it had had knowledge of the exact dates of the fires, it could have ascertained the names of the employes working upon the section at the time, and could have put itself in possession of all the facts with reference to the fires complained of. It might have been able to show by a preponderence of the evidence that the right of way at the time of each of the fires was in first-class condition, and absolutely free from any combustible material. That being the case, it was very material that appellant should know the exact dates when the fires occurred. If, as a matter of fact, a plaintiff does not know these dates, then the law will not impose upon him the burden of specifying them in his petition; but, where a plaintiff, in response to a motion for a rule to compel him to specify the dates, claims he is unable to do so, but afterwards obtains the necessary knowledge before the day of trial, it is absolutely incumbent upon him to do that which the court would have required him to do had it not been for his plea of ignorance. As was said by the court below, it was not necessary for appellant to renew its motion. Appellee should have volunteered to give information immediately upon its receipt. It is doubtless true that appellee's counsel stated the facts to the court when the motion for a rule to fill blanks was up for discussion, but his inability to give the dates of the fires at that time in no way excused him

for his failure to specify the dates when the knowledge was brought home to him. Every litigant has a right to a reasonable opportunity for the preparation of his defense. The very purpose of a pleading is to apprise him of the nature of the cause of action and of the facts which he is required to rebut. Nothing is more important to a defendant than the date when it is alleged the injury occurred; especially so is it to a corporation whose agents and employes are constantly changing. While it would be unreasonable to impose upon a plaintiff the necessity of specifying such a date when he is unable to do so, yet it is never unreasonable to require him to furnish such information to the defendant when he has it at hand. The only reason appellee in this case was not required to fill the blanks and specify the dates when the fires occurred was because of his plea of ignorance. Appellee, it is claimed, ascertained the dates of the fires shortly before the case was called for trial. The plea of ignorance was not then available. He or his attorney should have informed counsel on the other side that they had obtained the necessary information, and what that information was. It is manifest that their failure so to do placed appellant at a great disadvantage in the trial. This disadvantage was not due to any act on the part of appellant or its counsel. The trial court appreciated the situation and the necessity for such action on the part of appellee or his counsel, but was of opinion that appellant was not prejudiced thereby. A careful reading of the record, however, convinces us that the information which appellee had as to the dates of the fires was most essential to appellant in the preparation of its defense. Having gone into the trial in the belief that such information was not obtainable, it cannot be doubted

that appellant was taken completely by surprise when appellee got on the witness stand and stated the exact dates when the fires occurred. If appellant had had this information before the trial, it might have prepared its case in such a way that the verdict of the jury would have been in its favor, instead of against it. Under the circumstances, then, we conclude that the action of the court, in failing to set aside the jury and grant appellant a continuance, was prejudicial error.

Judgment reversed and cause remanded with directions for a new trial consistent with this opinion.

Nunn, J., dissents.